WO

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Julia Ann Talley, | No. CV-08-2165-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Pembrooke Occupational Health, Inc., | |
| Defendant. | |

The court has before it defendant's motion to dismiss, or alternatively to transfer venue (doc. 7), plaintiff's response (doc. 11), and defendant's reply (doc. 14).

Plaintiff, Julia Talley, is an Arizona resident and an employee of defendant Pembrooke Occupational Health, Inc., a Virginia corporation, headquartered in Richmond, Virginia. Plaintiff filed this action in the Superior Court of Arizona in Maricopa County, alleging that Pembrooke breached her employment contract by failing to pay commissions she had earned. On November 24, 2008, the action was removed to this court. Pembrooke now seeks to dismiss the action on the basis of *forum non conveniens*, or alternatively to transfer venue to the United States District Court for the Eastern District of Virginia, pursuant to 28 U.S.C. § 1404(a).

The common-law doctrine of *forum non conveniens* has limited application in federal court. It applies "only in cases where the alternative forum is abroad, and perhaps in rare

instances where a state or territorial court serves litigational convenience best." Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 430, 127 S. Ct. 1184, 1190 (2007) (citation omitted). In a non-foreign context, the doctrine has been replaced by 28 U.S.C. § 1404(a), which provides for transfer, rather than dismissal. Because the proposed alternative forum in the instant case is another federal district court, the doctrine of *forum non conveniens* is inapplicable, and defendant's motion to dismiss is denied.

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought." We must weigh multiple factors in considering whether transfer is appropriate in a particular case, including (1) plaintiff's choice of forum, (2) the location where the relevant agreement was negotiated and executed, (3) the parties' respective contacts with the forum, (4) the ease of access to sources of proof, (5) the availability of compulsory process to compel attendance of unwilling non-party witnesses, (6) the forum most familiar with the governing law, and (7) the difference in the costs of litigation in the two forums. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000). The party moving for transfer under § 1404(a) bears the burden of establishing that transfer is appropriate and "must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).

First, though not dispositive, we will accord plaintiff's choice of forum in Arizona substantial weight, Pacific Car & Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir. 1968), particularly where, as here, the chosen forum is also plaintiff's residence and where significant operative facts occurred. The employment agreement with Pembrooke was negotiated and executed by plaintiff in Arizona. She performs work on behalf of Pembrooke from her home office in Arizona. The majority of her interaction with Pembrooke is from Arizona by email and telephone. Although she has traveled to Virginia for training and meetings, she claims that she has only been to Virginia once in the last three years–in order to meet with Pembrooke personnel about her claim. Pembrooke, on the other hand, manages

1   facilities across the United States and in other countries.  Almost one third of its employees
2   do not work in Virginia.  It advertises that it "employs Medical Review officers . . .
3   throughout the United States."  Talley Affidavit ¶ 36.  It elected to employ plaintiff from her
4   home office in Arizona.  The parties' relative contacts with the forum, particularly those
5   contacts giving rise to this litigation, weigh strongly in favor of an Arizona forum.

6         With respect to availability of witnesses, Pembrooke asserts that each of its officers
7   or employees likely to be called as a witness resides in Virginia.  It acknowledges that most
8   of the potential witnesses are Pembrooke employees or officers whose testimony can be
9   compelled at trial.  Reply at 5.  Although it argues that there may be non-party witnesses
10  outside the subpoena power of this court, it fails to identify any such witness.  Pembrooke's
11  speculation that it will need compulsory process over unspecified witnesses is insufficient
12  to satisfy its burden.  See, e.g., Costco Wholesale Corp. v. Liberty Mut. Ins. Co., 472 F.
13  Supp. 2d 1183, 1193 (S. D. Cal. 2007) ("In establishing inconvenience to witnesses, the
14  moving party must name the witnesses, state their location, and explain their testimony and
15  its relevance.").

16        Pembrooke also argues that the majority of the anticipated evidence is comprised of
17  documents related to plaintiff's employment, including customer, commission, and payroll
18  records, all of which are located in Virginia.  However, Pembrooke does not allege any
19  difficulty in transferring the documentary evidence from its Virginia office to Arizona.  In
20  fact it acknowledges that documents can be scanned and emailed.  Reply 6.  Given today's
21  available technology, the location of documentary evidence is entitled to less weight.
22  Without any specific claim regarding the inconvenience of transporting documents, this
23  factor does not support transfer.

24        The parties' contract provides that Virginia law governs any claim arising out of the
25  contract.  Cametas Affidavit ¶ 17.  This factor weighs only slightly in favor of transfer as this
26  dispute is a simple contract law action that does not involve complicated Virginia state law.

27        Finally, the relative financial burdens of litigating in each of the forums is neutral.
28  The transfer of the action to Virginia would merely shift the financial burden from

1  Pembrooke to plaintiff.  Transfer is inappropriate where it "would merely shift rather than
2  eliminate the inconvenience."  <u>Decker Coal Co.</u>, 805 F.2d at 843.
3       Based on a balancing of the relative factors, we conclude that Pembrooke has failed
4  to meet its heavy burden of showing that Virginia is the more appropriate venue for this
5  action.
6       **IT IS ORDERED DENYING** defendant's motion to dismiss or alternatively to
7  transfer venue (doc. 7).
8       DATED this 27th day of March, 2009.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge